Lin v. Lynch

BIA
Hom, IJ
A099 455 947

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand sixteen.

PRESENT:
       DENNIS JACOBS,
       DEBRA ANN LIVINGSTON,
       RAYMOND J. LOHIER, JR.,
         *Circuit Judges.*

_____

LUAN LIN,
       *Petitioner,*

       v.                      13-3263
                                NAC

LORETTA E. LYNCH, JR., UNITED STATES ATTORNEY GENERAL,
       *Respondent.*

_____

FOR PETITIONER:      Gerald Karikari, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General; Anthony C. Payne, Senior Litigation Counsel; Colette J. Winston, Trial Attorney, Office of

**Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Luan Lin, a native and citizen of China, seeks review of an August 2, 2013 decision of the BIA affirming an Immigration Judge's ("IJ") May 1, 2012, denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Luan Lin*, No. A099 455 947 (B.I.A. Aug. 2, 2013), *aff'g* No. A099 455 947 (Immig. Ct. N.Y. City May 1, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Lin's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on the inconsistencies in an asylum applicant's statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). We "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Here, the IJ reasonably based the adverse credibility determination on inconsistencies regarding the names of Lin's parents and the lack of reliable corroborating evidence of Lin's identity.

First, the inconsistencies are supported by the record. The 2011 birth certificate and household registration booklet Lin submitted with his asylum application contradict a copy of a visa petition and 2003 birth certificate the Government submitted. They reflect different names for both Lin's father and mother. Lin asserted that he was unaware of the visa petition, is not related to the petitioner, and

3

is ignorant of the source of the 2003 certificate. The IJ reasonably rejected Lin's explanation because the petition contained Lin's personal information and photograph, and the 2003 birth certificate was issued by the Chinese government. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (providing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Accordingly, the IJ reasonably relied on the inconsistencies among the birth certificates, visa petition, and asylum application regarding the names of Lin's parents. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166; *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight to be accorded to documentary evidence lies largely within the agency's discretion).

Lin submitted other corroborating evidence that he practiced Christianity: a letter from a woman purporting to be his mother that confirmed that she and Lin attended church in China; and the testimony of his paternal uncle, who testified to Lin's church attendance in the United States. However, the IJ reasonably gave minimal weight to that evidence because it did not rehabilitate the

4

inconsistencies regarding his identity.  The letter did not itself resolve the questions raised by the visa petition, and Lin's uncle knew only the nickname, not the official name, of his sister-in-law, Lin's mother.  *See Xiao Ji Chen*, 471 F.3d at 341-42.  Given that Lin's identity was called into question by inconsistencies in the documentary evidence regarding the identity of his parents, and he failed to provide reliable evidence corroborating his identity -- i.e., that he was the person described in the letter or that his witness was actually his uncle -- the totality of the circumstances supports the agency's adverse credibility determination.  *See Xiu Xia Lin*, 534 F.3d at 167; *Yanqin Weng*, 562 F.3d at 513.  The adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief, because the only evidence of a threat to Lin's life or freedom, or likelihood of torture, depended upon his credibility.  *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5